IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELBEE PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE MOTHERHOOD COLLECTION, INC. <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Elbee Pty Ltd, ("Elbee") brings this civil action against Defendant, The Motherhood Collection, Inc.

## NATURE OF SUIT

1. This is an action for trademark infringement in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), federal common law trademark rights, and Massachusetts common law trademark rights. This action seeks injunctive relief, damages, costs, and other appropriate relief arising from Defendant's willful acts of trademark infringement.

## THE PARTIES

2. Plaintiff Elbee is a limited liability company organized under the laws of Australia, with a place of business at 282 Oxford Street, Level 3, Bondi Junction, Australia, NSW 1355.

3. Defendant The Motherhood Collection is a corporation organized under the laws of Canada, with an alleged address at 28 Briggs Avenue, Richmond Hill, Ontario, Canada, L4b 1N2.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because Plaintiff's claims arise under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form part of the same case or controversy.

5. This court has personal jurisdiction over Defendant pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendant is not subject to any state's courts of general jurisdiction. Defendant is organized and existing under the laws of Canada with no actual physical location in the United States of which Plaintiff is aware, besides a possible mailbox. Defendant has sold, offered for sale, and otherwise distributed its products to residents throughout the United States through at least its storefront on Amazon, which is also open to business throughout the United States. Defendant has also accepted recurrent business from the United States in a substantial amount, and has done so knowingly.

6. Venue is proper in this district pursuant to 28 U.SC. § 1391, because it is a judicial district in which Defendant is subject to the court's personal jurisdiction, and there is no district in which an action may otherwise be brought.

## BACKGROUND

7. Since at least as early as December 2003, Plaintiff has continuously and exclusively used the mark DREAM BABY in various iterations in commerce in connection with a wide variety of child safety products and accessories, including products for monitoring and protecting children.

8. As a result of Plaintiff's extensive use and promotion of its DREAM BABY marks, Plaintiff has created valuable goodwill in these marks, which represent high-quality goods to consumers throughout the United States.

9. Plaintiff's DREAM BABY marks have achieved widespread and favorable recognition in connection with its award-winning child safety products.

10. In addition to its common law rights, Elbee owns the registrations below for its DREAM BABY marks:

- U.S. Registration No. 3,157,437
- U.S. Registration No. 3,053,865
- U.S. Registration No. 4,295,756
- U.S. Registration No. 5,446,061
- U.S. Registration No. 4,582,707
- U.S. Registration No. 4,526,543

11. True and accurate copies of these registrations and their corresponding information available through the USPTO's TESS database are attached as Exhibits 1-6.

12. The aforementioned registrations cover products in a variety of classes, including: Class 6 (safety gates for babies and children), Class 8 (nail clippers, spoons, forks), Class 9 (electric outlet covers, thermometers), Class 10 (medical related items for babies, etc.), Class 12 (baby stroller related items, car related items for babies), Class 20 (child safety products for home), and Class 26 (child restraining devices).

13. Under 15 U.S.C. § 1115, the above-mentioned registrations are conclusive evidence of the validity of the registered marks, of Plaintiffs' ownership thereof, and of Plaintiff's exclusive rights to use these marks in commerce in connection with the goods specified in the registrations.

14. Collectively, Plaintiffs' above-mentioned registrations and common law rights are referred to as Plaintiff's "DREAM BABY Marks."

15. Notwithstanding Plaintiff's rights in the DREAM BABY Marks, Defendant adopted and used the identical mark in interstate commerce in connection with the sale and offering for sale of a related product, namely a baby monitor marketed as "Dream Baby Monitor Pro."

16. Without Plaintiff's consent, The Motherhood Collection has used and continues to use the infringing "Dream Baby Monitor Pro" mark in connection with the sale, offering for sale, distribution, or advertising of a baby monitor in conflict with Plaintiff's goods and use of the mark.

17. On December 12, 2019, Defendant filed an application for DREAM BABY MONITOR PRO for "Baby monitors; Video baby monitors; Remote video monitoring system consisting primarily of a camera and video monitor for recording and transmitting images and audio to a remote location." On June 30, 2020, the USPTO issued Registration No. 6,090,964 for The Motherhood Collection's DREAM BABY Mark.

18. The claimed date of first use in commerce for The Motherhood Collection's DREAM BABY Mark is November 3, 2019. Plaintiffs' use of the DREAM BABY Marks predates Defendant's, and thus Plaintiff has priority over Defendant.

19. The Motherhood Collection has engaged in its infringing activity despite having actual knowledge of Plaintiff's use of the DREAM BABY Marks. To date, The Motherhood Collection has declined Plaintiff's demand for it to cease and desist from further infringing activity.

20. The Motherhood Collection offers confusingly similar goods, through similar marketing channels, as Plaintiff, all under the identical DREAM BABY mark. Defendant's actions have already caused consumer confusion by misleading the public into concluding that

its goods originate with or are authorized by Plaintiff. In the relatively brief time that Defendant has been selling products featuring Plaintiff's DREAM BABY Mark on Amazon, Plaintiff has been contacted by Amazon and multiple customers asking to resolve issues related to alleged faulty baby monitors purchased from Plaintiff. If The Motherhood Collection is not enjoined from such activity, such confusion will continue, harming both Plaintiff and the public.

21. Plaintiff has no control over the quality of services offered by Defendant, and because of the source confusion caused by The Motherhood Collection, Plaintiff has lost control over its valuable goodwill.

22. Upon information and belief, The Motherhood Collection has advertised and offered its goods for sale using the DREAM BABY mark with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill. The Motherhood Collection's use of Plaintiff's DREAM BABY Marks constitutes willful, deliberate, and intentional trademark infringement

## COUNT I
### (Federal Trademark Infringement – 15 U.S.C. §§ 1114, 1125)

23. Plaintiff realleges and hereby incorporates by reference the allegations of paragraphs 1-22 as though set fully forth herein.

24. Plaintiff owns valid trademark registrations entitled to protection under the Lanham Act.

25. The Motherhood Collection's unauthorized use of Plaintiff's DREAM BABY Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. §§ 1114, 1125(a), and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

26.     The Motherhood Collection has acted with actual or constructive knowledge of Plaintiff's DREAM BABY Marks, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

27.     As a direct and proximate result of The Motherhood Collection's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and The Motherhood Collection has and will continue to unfairly acquire income, profits, and goodwill.

28.     The Motherhood Collection's trademark infringement will cause further irreparable injury to Plaintiff if The Motherhood Collection is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of The Motherhood Collection's actions.

## COUNT II
### (Federal Unfair Competition – Lanham Act § 43(a); 15 U.S.C. § 1125(a))

29.     Plaintiff realleges and hereby incorporates by reference the allegations of paragraphs 1-28 as though set fully forth herein.

30.     This cause of action arises under 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), *et seq*.

31.     Plaintiff is the owner of all right, title, and interest in, to and under its DREAM BABY Marks, and all goodwill appurtenant thereto.

32.     Plaintiff's DREAM BABY Marks have been continuously and widely used by Plaintiff nationwide, abroad, and on its eCommerce platforms. Plaintiff intends to preserve and maintain its rights to the DREAM BABY Marks and to continue the use of the DREAM BABY Marks in connection with its variety of child safety products and accessories.

33. By virtue of the renown of the DREAM BABY Marks, the DREAM BABY Marks have developed secondary meaning and significance in the mind of the relevant public. Goods and services associated with the DREAM BABY Marks are immediately associated by the purchasing public with Plaintiff's brands and its child safety products and accessories.

34. Without Plaintiff's consent, The Motherhood Collection has and continues to use identical and/or confusingly similar imitations of Plaintiff's DREAM BABY Marks in interstate commerce in connection with the promotion, advertisement, and operation of related child safety products.

35. The Motherhood Collection's unauthorized use of Plaintiff's DREAM BABY Marks, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that The Motherhood Collection and/or their products are affiliated, connected, or associated with Plaintiff's DREAM BABY Marks

36. The acts of The Motherhood Collection as alleged herein and above constitute trademark infringement, unfair competition, false representation, and/or false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. The Motherhood Collection has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of Plaintiff's proprietary rights. Even though The Motherhood Collection received notice of its infringement, The Motherhood Collection intentionally and willfully continues their unauthorized use of Plaintiff's DREAM BABY Marks. Plaintiff is therefore entitled to statutory and treble damages.

38. The Motherhood Collection's conduct has deprived Plaintiff of its rightful ability to control the quality of goods and services uniquely associated with Plaintiff's DREAM BABY

Marks and to ensure that their associated, valuable goodwill, and reputation are protected. The Motherhood Collection's unlawful actions have caused and are continuing to cause Plaintiff irreparable injury and monetary damages.

39. As a direct and proximate result of The Motherhood Collection's conduct, Plaintiff has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the DREAM BABY Marks, resulting in lost revenues and profits and diminished goodwill.

40. Plaintiff has no adequate remedy at law and, if The Motherhood Collection's activities are not preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

41. Plaintiff is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Massachusetts Common Law Unfair Competition)

42. Plaintiff realleges and hereby incorporates by reference the allegations of paragraphs 1-41 as though set fully forth herein.

43. Plaintiff owns the rights to the DREAM BABY Marks at common law.

44. By the above-described conduct, The Motherhood Collection has engaged in unfair competition under Massachusetts common law.

45. Plaintiff has been damaged by such conduct in an amount to be determined at trial.

46. Unless enjoined, The Motherhood Collection's behavior will continue and will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief, as well as damages for such conduct.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim set forth above and enter an Order granting it the following relief:

i) That the Court enter a judgment in favor of Plaintiff and against The Motherhood Collection as to all causes of action alleged herein.

ii) That The Motherhood Collection and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them, be permanently enjoined from directly or indirectly using Plaintiff's DREAM BABY Marks, or any other mark that is similar in appearance to Plaintiff's DREAM BABY Marks as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the U.S.

iii) That pursuant to 15 U.S.C. § 1118, The Motherhood Collection be ordered to deliver up for destruction all products, literature, signs, labels, tags, prints, packages, wrappers, containers, fabrics, advertising materials, stationery, and any other items in The Motherhood Collection's possession or control that bear Plaintiff's DREAM BABY Marks, or any other mark that is similar to Plaintiff's DREAM BABY Marks, and that The Motherhood Collection be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of producing or applying the prohibited marks.

iv) That The Motherhood Collection be ordered to transfer ownership of any domain names incorporating the DREAM BABY Marks to Plaintiff.

v) That pursuant to 15 U.S.C. § 1116(a), The Motherhood Collection be ordered to file with the Court and serve on Elbee, within 30 days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which The Motherhood Collection has complied with the injunction.

vi) That in accordance with the Lanham Act (specifically, 15 U.S.C. § 1117) and Massachusetts statutory and common law, Plaintiff be awarded punitive and/or treble damages in an amount no less than three times the amount of The Motherhood Collection's profits or Plaintiff's damages, whichever is greater, increased subject to the principles of equity, due to the wanton, egregious, willful, deliberate, intentional, and/or malicious nature of its actions.

vii) That the costs of this action be awarded to Plaintiff.

viii) That pursuant to 15 U.S.C. § 1117, Plaintiff be awarded its reasonable attorney fees and costs due to the exceptional nature of this case and The Motherhood Collection's intentional, wanton and willful illegal conduct.

ix) That The Motherhood Collection be liable for any award of monetary damages, treble damages, punitive damages, costs, and/or attorney fees.

x) That The Motherhood Collection change its ASIN number to reflect its branding change.

xi) That pre-judgment and post-judgment interest be awarded to Plaintiff.

xii) That Plaintiff have such other and further relief, including without limitation equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff here by demands trial by jury on all issues so triable.

Respectfully submitted,

Date: April 28, 2021

/s/ *John L. Strand*
John L. Strand (BBO # 654985)
Ryan M. Van Olst (BBO # 698181)
jstrand@wolfgreenfield.com
rvanolst@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

*Counsel for Elbee Pty Ltd*